Barry J. Glickman, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York  10036
(212) 223-0400

*Attorneys for Defendant*
  *Department Stores National Bank*


UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICK CASEY,<br><br>                                 Plaintiff<br><br>                   - against-<br><br>PLS CHECK CASHING, PLS CHECK CASHERS OF NEWYORK, INC., 6901 4TH AVE., LLC, MR. JUNE, DESTINY BARRETO, P.O. MIKELJAN AGOLLI, CITY OF NEW YORK, DEPARTMENT STORES NATIONAL BANK, MACY'S OF NEW YORK, MACY'S INC. JOHN DOE & JANE DOE.<br><br>                                 Defendants. | Case No.:  _____<br><br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. Section 1331, 1441(b), and 1446 defendant Department Stores National Bank ("DSNB") hereby removes the action entitled <u>Patrick Casey v. PLS Checking Cashing, PLS Check Cashers of New York, Inc., 6901 4th Ave., LLC, Mr. June, Destiny Barreto, P.O. Mikeljan Agolli, City of New York, Department Stores National Bank, Macy's of New York, Macy's Inc. John Doe & Jane Doe,</u> Supreme Court, Kings County, Index No. 512080/2015 (the "State Court Action"), to the United States District Court for the Eastern District of New York on the following

grounds:

1.      On or about October 21, 2015, DSNB received service of the Summons and Complaint in the State Court Action.

2.      DSNB has timely filed this Notice of Removal within 30 days of receiving service of the Summons and Complaint.  See 28 U.S.C. § 1446(b).

3.      The State Court Action is a civil action of which Court has original jurisdiction under 28 U.S. C. Section 1331 and is one which may be removed by this Court by DSNB pursuant to the provisions of 28 U.S.C. Section 1441 (b) because plaintiff alleges a violation of 42 U.S.C. § 1983 (Complaint ¶ ¶ 149-153), a claim that is created by, and arises under, federal law.  To the extent any other claims in the State Court Action may arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. Sections 1367 and 1441 (c).

4.      This Court is the proper district court for removal because the Supreme Court, Kings County is located within the United States District Court for the Eastern District of New York.

5.      True and correct copies of all pleadings, process, and orders in the State Court Action are attached in composite Exhibit A.

2

6.      Following removal DSNB will file a Notice of Filing Papers Necessary for Removal and a copy of this Notice of Removal of Action with the state court in connection with the State Court Action.  DSNB will serve plaintiff with copies of this Notice of Removal and the Notice filed in the State Court Action.

7.      By virtue of this Notice of Removal of Action and the Notice filed in the State Court Action, DSNB does not waive its rights to assert any personal jurisdictional defense permitted by the Federal Rules of Civil Procedure.

Dated:     New York, New York
           November 10, 2015

                                    ZEICHNER ELLMAN & KRAUSE LLP

                                    By: _____
                                        Barry J. Glickman
                                        Attorney for Defendant
                                          *Department Stores National Bank*
                                        1211 Avenue of the Americas
                                        New York, New York  10036
                                        (212) 223-0400

TO:     Paul Hale, Esq.
        Attorney for Plaintiff
        26 Court St., Suite 913
        Brooklyn, New York 11242
        (718) 554-7344

832947

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------X

PATRICK CASEY

Plaintiff

- against-

PLS CHECK CASHING,
PLS CHECK CASHERS OF NEW YORK, INC.,
6901 4TH AVE., LLC,
MR. JUNE,
DESTINY BARRETO,
P.O. MIKELJAN AGOLLI,
CITY OF NEW YORK,
DEPARTMENT STORES NATIONAL BANK,
MACY'S OF NEW YORK,
MACY'S INC.
JOHN DOE & JANE DOE.

Defendants

-----------------------------------------------------X

| | |
|---|---|
| Index No. | **512080** /2015 |
| Date Purchased | 10/05/2015 |

**SUMMONS**

Plaintiff Designates Kings
County as the Place of Trial

The Basis of Venue is
Residence of Plaintiff

To the above named Defendants:

    ***YOU ARE HEREBY SUMMONED*** to answer the Complaint in this action and to
serve a copy of your answer, or if the Complaint is not served with this Summons, to
serve a Notice of Appearance, on the Plaintiff's attorney within 20 days after the service
of this Summons, exclusive of the day of service, or within 30 days after service is
complete if this Summons is not personally delivered to you within the State of New
York; and in case of your failure to appear or answer, judgement will be taken against
you by default for the relief demanded in the Complaint.

Dated: Brooklyn, New York

    10/05/2015

/s/

Paul Hale, Esq.
Attorney for Plaintiff
26 Court St. Suite 913
Brooklyn, New York 11242
718-554-7344

*RR*
*10/21/15*
*RP S-5*
*1140AM*

**SUPREME COURT OF NEW YORK**
**COUNTY OF KINGS**

PATRICK CASEY

                Plaintiff(s),

          -against-

PLS CHECK CASHING,
PLS CHECK CASHERS OF NEW YORK, INC.,
6901 4TH AVE., LLC,
MR. JUNE,
DESTINY BARRETO,
P.O. MIKELJAN AGOLLI,
CITY OF NEW YORK,
DEPARTMENT STORES NATIONAL BANK,
MACY'S OF NEW YORK,
MACY'S INC.
JOHN DOE & JANE DOE.

                Defendant(s).

Index No.:    **512080 / 2015**

**VERIFIED**
**COMPLAINT**

Plaintiff PATRICK CASEY, by his attorney, PAUL A. HALE, complaining of the defendants, respectfully alleges as follows:

1. Plaintiff, PATRICK CASEY, by his attorney, PAUL HALE, ESQ., as and for his Complaint in this action against Defendants PLS CHECK CASHING, PLS CHECK CASHERS OF NEW YORK, INC., 6901 4TH AVE., LLC MR. JUNE, DESTINY BARRETO, P.O. MIKELJAN AGOLLI, CITY OF NEW YORK, DEPARTMENT STORES NATIONAL BANK, MACY'S OF NEW YORK, MACY'S INC. JOHN DOE & JANE DOE hereby alleges the following;

2. That at all times hereinafter mentioned, Plaintiff PATRICK CASEY was and is a resident of the County of Kings, State of New York.

3. This action is brought to redress the violent, unprovoked assault by employees of Defendants PLS CHECK CASHING, PLS CHECK CASHERS OF NEW YORK, INC., 6901 4TH AVE., LLC, MR. JUNE, DESTINY BARRETO, P.O. MIKELJAN AGOLLI, CITY OF NEW YORK, DEPARTMENT STORES NATIONAL BANK, MACY'S OF NEW YORK, MACY'S INC. JOHN DOE & JANE DOE (hereinafter referred to as "Defendants"), when PATRICK CASEY was attacked on November 11, 2014 in the premises of a PLS CHECK CASHING located at 6901 4th Ave. Brooklyn. New York 11209.

4. That the defendant, DESTINY BARRETO is a resident of the State of New York.

5. That the defendant, P.O. MIKELJAN AGOLLI is a resident of the State of New York.

6. That the defendant, MR. JUNE is a resident of the State of New York.

7. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, DESTINY BARRETO, was employed by PLS CHECK CASHING.

8. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, DESTINY BARRETO, was acting within the scope of employment at PLS CHECK CASHING.

9. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, DESTINY BARRETO, when he violently, carelessly and negligently caused plaintiff to be assaulted, DESTINY BARRETO was acting within the scope of his employment at PLS CHECK CASHING.

10. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, DESTINY BARRETO, was employed at PLS CHECK CASHING.

11. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, DESTINY BARRETO, was trained at PLS CHECK CASHING.

12. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, DESTINY BARRETO, was at the premises known as at PLS CHECK CASHING.

13. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, DESTINY BARRETO, CASEY was acting within the scope of his employment when he violently, carelessly and negligently assaulted plaintiff.

14. On November 11, 2014, while plaintiff PATRICK CASEY was lawfully present inside the aforesaid premises, when plaintiff was forcibly, negligently and carelessly attacked by the defendant, DESTINY BARRETO and NYPD OFFICERS, causing the plaintiff to sustain severe and permanent personal injuries.

15. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, PLS CHECK CASHING, its agents, servants and/or employees supervised, DESTINY BARRETO

16. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, PLS CHECK CASHING, its agents, servants and/or employees controlled, DESTINY BARRETO .

17. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, PLS CHECK CASHING, its agents, servants and/or employees trained, DESTINY BARRETO .

18. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, PLS CHECK CASHING, its agents, servants and/or employees managed, DESTINY BARRETO .

19. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, PLS CHECK CASHING, its agents, servants and/or employees employed, DESTINY BARRETO .

20. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendants had actual and/or constructive notice of the dangerous and vicious propensities and/or tendencies of its employees.

21. Upon information and belief, and at all times hereinafter mention, on or about November 11, 2014, the defendant DESTINY BARRETO   provided security services to PLS CHECK CASHERS OF NEW YORK, INC.

22. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendants had actual and or constructive notice of the dangerous and viscous propensities and/or tendencies of DESTINY BARRETO .

23. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, DESTINY BARRETO , was acting within the scope of at PLS CHECK CASHERS OF NEW YORK, INC.

24. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, DESTINY BARRETO , when he violently, carelessly and negligently assaulted plaintiff, PATRICK CASEY was acting within the scope of his employment at PLS CHECK CASHERS OF NEW YORK, INC.

25. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, DESTINY BARRETO , when he violently, carelessly and negligently assaulted plaintiff, PATRICK CASEY was acting within the scope of his at PLS CHECK CASHERS OF NEW YORK, INC.

26. On November 11, 2014, while plaintiff PATRICK CASEY was lawfully present inside the aforesaid restaurant/bar, when plaintiff was forcibly, negligently and carelessly attacked by the defendant, DESTINY BARRETO , causing the plaintiff to sustain severe and permanent personal injuries.

27. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, PLS CHECK CASHERS OF NEW YORK, INC.., its agents, servants and/or employees supervised, DESTINY BARRETO

28. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, PLS CHECK CASHERS OF NEW YORK, INC... , its agents, servants and/or employees controlled, DESTINY BARRETO .

29. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, PLS CHECK CASHERS OF NEW YORK, INC.., its agents, servants and/or employees trained, DESTINY BARRETO .

30. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, PLS CHECK CASHERS OF NEW YORK, INC.., its agents, servants and/or employees managed, DESTINY BARRETO .

31. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, PLS CHECK CASHERS OF NEW YORK, INC.., its agents, servants and/or employees employed, DESTINY BARRETO .

32. That as a result of the occurrence, plaintiff suffered, continues to suffer, and will in the future suffer, severe and serious injuries, and upon information and belief, some of these injuries are permanent; suffered great bodily injuries; suffered great mental anguish; became sick, sore, lame and disabled; was confined to hospital, bed and home for extended periods of time; expended and incurred large sums of money for hospital bills, doctor bills, medical supplies and other expenses in order to cure plaintiff's injuries; and plaintiff was unable to attend to usual duties, activities and avocation.

33. That the said occurrence was caused solely by the negligence, carelessness and recklessness, willfulness of the defendants in the course of their employment, their agents, servants, contractors, subcontractors and/or employees in the ownership, operation, maintenance, management, control, supervision, inspection, of the aforesaid premises, without any negligence on the part of the plaintiff contributing thereto.

34. That this action falls within one or more of the exceptions set forth in Section 1602 of the CPLR.

35. By reason of the foregoing occurrence, the plaintiff, PATRICK CASEY, sustained severe and permanent personal injuries, all to his damage in the sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction thereof.

36. Upon information and belief, and at all times hereinafter mentioned, the defendant, PLS CHECK CASHING, was a business entity doing business in the State of New York.

37. Upon information and belief, and at all times hereinafter mentioned, the defendant, PLS CHECK CASHING, leased the premises and/or restaurant/bar located at 6901 4th Ave. Brooklyn, NY.

38. Upon information and belief, and at all times hereinafter mentioned, the defendant, PLS CHECK CASHING, supervised the premises and/or restaurant/bar located at 6901 4th Ave. Brooklyn, NY.

39. Upon information and belief, and at all times hereinafter mentioned, the defendant, PLS CHECK CASHING, inspected the premises and/or restaurant/bar located at 6901 4th Ave. Brooklyn, NY.

40. Upon information and belief, that at all times herein mentioned, the Defendant PLS CHECK CASHING, owned the premises and appurtenances and fixtures thereto, located at 6901 4th Ave. Brooklyn, NY.

41. Upon information and belief, that at all times herein mentioned, the Defendant PLS CHECK CASHING, maintained the premises and appurtenances and fixtures thereto, located at 6901 4th Ave. Brooklyn, NY.

42. Upon information and belief, that at all times herein mentioned, the Defendant PLS CHECK CASHING, controlled the premises and appurtenances and fixtures thereto, located at 6901 4th Ave. Brooklyn, NY.

43. Upon information and belief, that at all times herein mentioned, the Defendant PLS CHECK CASHING, operated the premises and appurtenances and fixtures thereto, located at 6901 4th Ave. Brooklyn, NY.

44. Upon information and belief, that at all times herein mentioned, the Defendant PLS CHECK CASHING managed the premises and appurtenances and fixtures thereto, located at 6901 4th Ave. Brooklyn, NY.

45. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, PLS CHECK CASHING, its agents, servants and/or employees supervised, DESTINY BARRETO

46. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, PLS CHECK CASHING, its agents, servants and/or employees controlled, DESTINY BARRETO .

47. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, PLS CHECK CASHING, its agents, servants and/or employees trained, DESTINY BARRETO .

48. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, PLS CHECK CASHING, its agents, servants and/or employees managed, DESTINY BARRETO .

49. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, PLS CHECK CASHING, its agents, servants and/or employees employed, DESTINY BARRETO .

50. Upon information and belief, and at all times hereinafter mentioned, the defendant, MR. JUNE, was a resident doing business in the State of New York.

51. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, MACY'S INC., its agents, servants and/or employees supervised, MR. JUNE.

52. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, MACY'S INC, its agents, servants and/or employees controlled, MR. JUNE.    .

53. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, MACY'S INC, its agents, servants and/or employees trained, MR. JUNE.    .

54. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, MACY'S INC, its agents, servants and/or employees managed, MR. JUNE.    .

55. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, MACY'S INC, its agents, servants and/or employees employed, MR. JUNE.    .

56. Upon information and belief, and at all times hereinafter mentioned, the defendant, DEPARTMENT STORES NATIONAL BANK, was a resident doing business in the State of New York.

57. DEPARTMENT STORES NATIONAL BANK is affiliated with MACY'S OF NEW YORK & MACY'S INC.

58. Upon information and belief, and at all times hereinafter mentioned, the defendant, DEPARTMENT STORES NATIONAL BANK, leased the premises and/or restaurant/bar located at 6901 4th Ave. Brooklyn, NY.

59. Upon information and belief, and at all times hereinafter mentioned, the defendant, DEPARTMENT STORES NATIONAL BANK, supervised the premises and/or restaurant/bar located at 6901 4th Ave. Brooklyn, NY.

60. Upon information and belief, and at all times hereinafter mentioned, the defendant, DEPARTMENT STORES NATIONAL BANK, inspected the premises and/or restaurant/bar located at 6901 4th Ave. Brooklyn, NY.

61. Upon information and belief, that at all times herein mentioned, the Defendant DEPARTMENT STORES NATIONAL BANK, owned the premises and appurtenances and fixtures thereto, located at 6901 4th Ave. Brooklyn, NY.

62. Upon information and belief, that at all times herein mentioned, the Defendant DEPARTMENT STORES NATIONAL BANK, maintained the premises and appurtenances and fixtures thereto, located at 6901 4th Ave. Brooklyn, NY.

63. Upon information and belief, that at all times herein mentioned, the Defendant DEPARTMENT STORES NATIONAL BANK, controlled the premises and appurtenances and fixtures thereto, located at 6901 4th Ave. Brooklyn, NY.

64. Upon information and belief, that at all times herein mentioned, the Defendant DEPARTMENT STORES NATIONAL BANK, operated the premises and appurtenances and fixtures thereto, located at 6901 4th Ave. Brooklyn, NY.

65. Upon information and belief, that at all times herein mentioned, the Defendant DEPARTMENT STORES NATIONAL BANK managed the premises and appurtenances and fixtures thereto, located at 6901 4th Ave. Brooklyn, NY.

66. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, DEPARTMENT STORES NATIONAL BANK, its agents, servants and/or employees supervised, MR JUNE.

67. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, DEPARTMENT STORES NATIONAL BANK, its agents, servants and/or employees controlled, MR JUNE.

68. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, DEPARTMENT STORES NATIONAL BANK, its agents, servants and/or employees trained, MR JUNE.

69. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, DEPARTMENT STORES NATIONAL BANK, its agents, servants and/or employees managed, MR JUNE.

70. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, DEPARTMENT STORES NATIONAL BANK, its agents, servants and/or employees employed, MR JUNE.

71. Upon information and belief, and at all times hereinafter mentioned, the defendant, 6901 4TH AVE., LLC, was a business entity doing business in the State of New York.

72. Upon information and belief, and at all times hereinafter mentioned, the defendant, 6901 4TH AVE., LLC, leased the premises and/or restaurant/bar located at 6901 4th Ave. Brooklyn, NY.

73. Upon information and belief, and at all times hereinafter mentioned, the defendant, 6901 4TH AVE., LLC, supervised the premises and/or restaurant/bar located at 6901 4th Ave. Brooklyn, NY.

74. Upon information and belief, and at all times hereinafter mentioned, the defendant, 6901 4TH AVE., LLC, inspected the premises and/or restaurant/bar located at 6901 4th Ave. Brooklyn, NY.

75. Upon information and belief, that at all times herein mentioned, the Defendant 6901 4TH AVE., LLC, owned the premises and appurtenances and fixtures thereto, located at 6901 4th Ave. Brooklyn, NY.

76. Upon information and belief, that at all times herein mentioned, the Defendant 6901 4TH AVE., LLC, maintained the premises and appurtenances and fixtures thereto, located at 6901 4th Ave. Brooklyn, NY.

77. Upon information and belief, that at all times herein mentioned, the Defendant 6901 4TH AVE., LLC, controlled the premises and appurtenances and fixtures thereto, located at 6901 4th Ave. Brooklyn, NY.

78. Upon information and belief, that at all times herein mentioned, the Defendant 6901 4TH AVE., LLC, operated the premises and appurtenances and fixtures thereto, located at 6901 4th Ave. Brooklyn, NY.

79. Upon information and belief, that at all times herein mentioned, the Defendant 6901 4TH AVE., LLC managed the premises and appurtenances and fixtures thereto, located at 6901 4th Ave. Brooklyn, NY.

80. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, 6901 4TH AVE., LLC, its agents, servants and/or employees supervised, DESTINY BARRETO

81. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, 6901 4TH AVE., LLC, its agents, servants and/or employees controlled, DESTINY BARRETO .

82. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, 6901 4TH AVE., LLC, its agents, servants and/or employees trained, DESTINY BARRETO .

83. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, 6901 4TH AVE., LLC, its agents, servants and/or employees managed, DESTINY BARRETO .

84. Upon information and belief, and at all times hereinafter mentioned, on or about November 11, 2014, the defendant, 6901 4TH AVE., LLC, its agents, servants and/or employees employed, DESTINY BARRETO .

85. At all times relevant to this action, Defendants Police Officers are and were officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

86. At all times relevant to this action, Defendant P.O. MIKELJAN AGOLLI was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both his individual and official capacity.

87. The Defendant, City of New York, is a municipality in the State of New York and employs the Defendants Police Officers.

88. The Defendants Police Officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the Defendants Police Officers' acts as described below.

## NATURE OF CLAIMS

89. It arises out of Defendants' false arrest and malicious prosecution of plaintiff.

90. Defendants' employees intentionally, prosecuted plaintiff negligently, willfully, and fraudulently.

## FACTUAL ALLEGATIONS

91. On November 11, 2014 MACY'S though DEPARTMENT STORES NATIONAL BANK issued a check to PATRICK CASEY in the amount of $1,533.63.

92. PATRICK CASEY attempted to cash said check at PLS CHECK CASHING located at 6901 4th Ave. Brooklyn, NY.

93. At the above time and place DESTINY BARRETO called the police on PATRICK CASEY and had him arrested for a fraudulent check despite the check being valid.

94. This in turn resulted in a New York City Police officer assaulting PATRICK CASEY. This was foreseeable and as a direct result of defendant's making false accusations and then filing criminal charges against PATRICK CASEY.

95. P.O. MIKELJAN AGOLLI falsely arrested PATRICK CASEY.

96. P.O. MIKELJAN AGOLLI maliciously prosecuted MR. CASEY despite the fact it was determined the check was not fraudulent.

97. Either MR. JUNE lied to P.O. MIKELJAN AGOLLI and stated the check was fraudulent furthering the malicious prosecution or MR. CASEY or P.O. MIKELJAN AGOLLI concocted the story that he spoke with a "MR. JUNE" furthering the malicious prosecution or MR. CASEY

98. Defendant's then maliciously prosecuted PATRICK CASEY by telling the Kings County District Attorney's office that he had a fraudulent check – which is a false statement.

99. All charges were eventually dismissed when it became clear that defendants were making false statements regarding the incident.

### AS AND FOR A FIRST CAUSE OF ACTION (Battery)

100. Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs.

101. Defendants physical attack committed against Plaintiff, amounted to a series of harmful and offensive contacts to Plaintiffs person, all of which were done intentionally by Defendants employees without the Plaintiffs consent.

102. As a direct and proximate result of the aforementioned batteries. Plaintiff has sustained in the past, and will sustain on the future, physical injury, pain and suffering, serious psychological and emotional distress, mental anguish, embarrassment and humiliation.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Assault)

103. Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs.

104. Defendants' violent attack committed against plaintiff without provocation amounted to an event creating reasonable apprehension in Plaintiff of immediate harmful or offensive contact to Plaintiffs person, all of which were committed by Defendants and without Plaintiffs consent.

105. As a direct and proximate result of the aforementioned assault. Plaintiff has sustained in the past, and will sustain on the future, physical injury, pain and suffering, serious psychological

and emotional distress, mental anguish, embarrassment and humiliation.

## AS AND FOR A THIRD CAUSE OF ACTION (Prima Facie Tort)

106.    Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs.

107.    Defendants are liable for the actions of their employees.

108.    Defendants, through its employees, agents, servants, intentionally committed the aforementioned actions against Plaintiff.

109.    Defendants through their employees, agents, servants intended that the aforementioned actions would cause Plaintiff physical and psychological harm.

110.    Defendants aforementioned actions committed against Plaintiff have caused, and continue to cause Plaintiff physical injuries, pain and suffering, humiliation, depression and emotional distress.

111.    Defendants conduct was unlawful and not justifiable under all of the circumstances.

## AS AND FOR A FOURTH CAUSE OF ACTION (Negligence and Respondeat Superior)

112.    That Defendants were negligent and grossly negligent in the screening, hiring, supervision, management, training, and evaluation of its personnel.

113.    The above-mentioned occurrence and the results thereof, were caused by the negligence and carelessness of the Defendants and/or said Defendants servants, agents, employees and/or licensees in the screening, hiring, supervision, management, training, and evaluation of its personnel.

114.    That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

115.    That by reason of the foregoing, Plaintiff was caused to sustain serious and permanent injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent.

116.    As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FALSE ARREST

117.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

118. Defendant arrested plaintiff in the absence of probable cause and without a warrant.

119. As a result of the aforesaid conduct by defendants, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

120. The aforesaid actions by the defendants constituted a deprivation of the plaintiffs rights.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FALSE IMPRISONMENT

121. Plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

122. As a result of the foregoing, plaintiff was falsely imprisoned, his liberty was restricted for an extended period of time, was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints.

123. Plaintiff was conscious of said confinement and did not consent to same.

124. The confinement of plaintiff was without probable cause and was not otherwise privileged.

125. As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## MALICIOUS PROSECUTION

126. Plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

127. On 1/20/2013, defendants commenced a criminal proceeding against plaintiff.

128. Defendants lacked probable cause to commence said criminal proceeding against plaintiff.

129. Defendants were motivated by actual malice in commencing said criminal proceeding against plaintiff.

130. On 3/20/2013, the criminal prosecution against plaintiff was terminated in his favor when all charges were dismissed.

131. As a result of the aforementioned conduct, plaintiff suffered physical and mental injury,

together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A EIGTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

132. Plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

133. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

134. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendants.

135. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendants.

136. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

137. As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## AS AND FOR A NINTH CAUSE OF ACTION
### Violation of Dram Shop Act

138. That Plaintiff, PATRICK CASEY, repeats, reiterates and realleges each and every allegation contained in previous Paragraphs, both inclusive, with the same force and effect as though fully set forth at length herein, and in addition thereto, states the following.

139. That defendants, their agents, servants and/or employees, unlawfully violated New York General Obligations Law 11-101 (The Dramshop Act) and New York State Alcohol Beverage Law section 65.

140. By reason of the foregoing occurrence, plaintiff, PATRICK CASEY, sustained serious and severe permanent personal injuries, all to his damage in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A TENTH CAUSE OF ACTION
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

141. Plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

142. Defendants selected, hired, trained, retained, assigned and supervised all members

of said its Police Department, including the defendants individually named above.

143.     Defendants were negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its operation, including the defendants individually named above.

144.     Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

### AS AND FOR A ELEVENTH CAUSE OF ACTION
### NEGLIGENCE AGAINST ALL DEFENDANTS

145.     Plaintiff repeats and realleges all paragraphs as if each paragraph is repeated verbatim herein.

146.     As a direct and proximate result of the negligent acts of all the defendants as set forth herein, plaintiffs suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish

147.     That by reason of the said negligence, plaintiff suffered and still suffers bodily injuries, became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that they will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as she was forced to, and are still forced to expend sums of money on medical treatment; that she was deprived of her pursuits and interests and verily believes that in the future she will continue to be deprived of such pursuits; and that said injuries are permanent.

148.     This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### 42 U.S.C SECTION 1983-AGAINST ALL DEFENDANTS

149.     Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

150.     By detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting her, the Officers, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

151.     In addition, the Defendants conspired among themselves to deprive plaintiff of his

constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

152.    The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

153.    As a direct and proximate cause of the acts of the defendants, plaintiff suffered the following injuries and damages:

   A.  An arrest not based upon probable cause;

   B.  Unwarranted and malicious criminal prosecution;

   C.  Deprivation of liberty without due process of law;

   D.  Excessive force imposed upon him;

   E.  Summary punishment imposed upon him; and

   F.  Denied equal protection under the law.

As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants herein, in a sum exceeding the jurisdiction limits of all lower courts which would otherwise have jurisdiction, together with costs and disbursements of this action.

WHEREFORE, plaintiff respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

6. On the Sixth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial;

7. On the Seventh Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

8. On the Eighth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

9. On the Ninth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

10. On the Tenth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

11. On the Eleventh Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

12. Such other and further relief as this Court may deem necessary in the interest of justice.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: 10/5/2015 Brooklyn, NY

/s/<br>Paul Hale, Esq.

Attorney for plaintiff(s)
26 Court St., Ste 913
Brooklyn, NY 11242
(718) 554-7344

## VERIFICATION

STATE OF NEW YORK )
                      ) ss.:
COUNTY OF  KINGS   )

I ,  Patrick Casey being duly sworn, deposes and says:

I have read the foregoing  complaint , and I know the contents

thereof; the same is true to my own knowledge , except as to matters therein stated to be

alleged on information and belief, and as to those matters I believe them to be true.


_Patrick Casey_


Sworn  to before me this    5Th    day of _October_
                   2015


Notary Public

PAUL HALE, ESQ
Notary Public, State of New York
No. 02HA6133853
Qualified in Nassau County
Commission Expires 10/02/20__